### WEBER ELECTRIC CO. v. W. R. OSTRANDER & CO.

(District Court, S. D. New York. February 18, 1920.)

**Patents ⟋328—743,206, claims 1 and 4, and 916,812, claim 1, for electric lamp sockets, held infringed.**
The Weber patents, No. 743,206, claims 1 and 4, and No. 916,812, claim 1, for an electric lamp socket adapted to automatically interlock with a snap action, *held* infringed.

In Equity. Suit by the Weber Electric Company against W. R. Ostrander & Co. On motions for preliminary injunction, to restrain infringement of patent, and by defendant to dismiss the bill as to one patent. Preliminary injunction ordered, and motion to dismiss the bill denied.

Decree affirmed, 267 Fed. 448.

Frank C. Curtis, of Troy, N. Y., for plaintiff.

Mitchell & Allyn, of New York City (Robert S. Allyn, of New York City, of counsel), for defendant.

KNOX, District Judge. Were it not for the prior adjudications upon these patents in this circuit, I think it altogether possible that I

should, upon the present motions for injunctions, reach a conclusion differing from the one I am about to pronounce. In view, however, of the most recent decision of the Circuit Court of Appeals, wherein the Weber patents were discussed, I feel myself bound to find infringement upon the part of the defendant. I can add nothing to the literature that has been written as to the interpretation to be placed upon claims 1 and 4 of patent No. 743,206 and claim 1 of patent No. 916,812.

Defendant's device is said to be manufactured under the Mebane patent, No. 829,027, and improvements of the Barr patent, No. 1,042,-383. It is argued, at least inferentially, that since the Mebane patent was copending with the second Weber patent, and issued nearly three years prior thereto, and without any interference or reference to the first Weber patent or the Weber application, there is a strong presumption that there is here no infringement by defendant. As to this I can only remark that in my judgment the Mebane patent, under the decisions, does as a matter of fact infringe the Weber patents.

The device held to infringe in Weber Electric Co. v. Connecticut Electric Manufacturing Co., 263 Fed. 583, decided by the Circuit Court of Appeals for this circuit upon January 2, 1920, was, I think, quite as dissimilar to the Weber devices as are those here alleged to infringe. By the opinion there rendered it was said:

"In the Connecticut socket there exist slit, recess, and projection 'adapted to automatically interlock with a snap action.' They are not, to be sure, principals; they are only accessories in the entire effort of fastening cap to sleeve, but that makes no difference in infringement. There is no such thing as a partial infringement."

Next it was considered what constituted "telescopically" or "telescopic," as used in the Weber claims. It was held that a "telescope screw" is a permissible locution, and also that a "straight thrust" may be "as straight on the equator as along the pole." I do not doubt the accuracy of this statement, but by the result reached I must also conclude that a straight thrust comprehends, in this instance, not only a thrust along the pole, but a thrust, however slight, along the equator as well.

Tested by the foregoing elements, which were treated as being present in the Connecticut socket, let us see what we have in this defendant's socket. We certainly have the slit—the recess and projection adapted to automatically interlock with a snap (when the circumferential thrust has progressed sufficiently).

In addition to the foregoing, defendant's socket has the circumferentially extending tongues adapted to fit in the pockets on the sleeve and thus interlock with the loops. This feature, however, would not prevent a backward rotative movement, were it not for the existence of the snap lock, and this snap lock brings into play mutually abutting cast metal edges on the respective members of defendant's device.

Certainly, the manipulation required in telescoping the cap and sleeve in defendant's socket need not necessarily be greater than that which is essential with respect to the Connecticut socket. The net result is

that, granting, as I must, the infringement of the Connecticut socket, defendant's socket also infringes.

It is true that in the Connecticut case only claim 4 of the first patent and claim 1 of the second patent were in issue, and it remains only to see whether there is an infringement of claim 1 of the first patent, which reads:

"In a device of the class described, the combination with a pair of members comprising a sheet-metal sleeve having a slotted end and introverted tongues, and a cap adapted to telescopically receive the slotted end of said sleeve, said members having interengaging parts adapted to automatically interlock with a snap action when telescopically applied to each other, and to be released by compression of said sleeve, of an insulating base for electrical fittings loosely inclosed within said sleeve in engagement with said tongues, substantially as described."

In defendant's socket there is to be found the combination of a pair of members comprising a sheet metal sleeve having a slotted end, the edges of which slot are slightly bent adjacent to a lug of the porcelain body, so as to prevent the latter from slipping. Defendant's expert says that in his opinion these bent edges do not form tongues within the meaning of the first Weber patent. As to this I cannot agree. Whether the edges be bent much or little, the purpose to be served is the same in one case as in the other. The same result, viz. preventing the porcelain body from slipping, or preventing a rotative movement of the porcelain, is obtained in substantially the same way. In each instance there exists also the cap adapted to telescopically receive the slotted end of said sleeve; the members have interengaging parts adapted to automatically interlock with a snap action when telescopically applied to each other (this is true on the authority of the Connecticut case), and the parts are released by compression of the sleeve. There is, in addition, an insulating base for electrical fittings in engagement with said tongues.

It follows that defendant's socket treads upon the terms of claim 1 of the first patent, and by the same token must be held to infringe. As was previously intimated, the field of my consideration of the matters urged upon behalf of defendant is greatly restricted, and buttressed as the Weber patents are by adjudications which, in my judgment, include defendant's socket, I need not discuss the case at more length. I shall deny defendant's motion to dismiss the bill of complaint as to Weber patent, No. 916,812.

The usual preliminary injunction will therefore be ordered. In view, however, of the fact that the plaintiff has apparently stood by and permitted infringement by the defendant for a period of six years, I am, if the defendant so desires, disposed to suspend the issuance of the injunction pending an appeal by the defendant to the Circuit Court of Appeals. As to this I will hear counsel upon the settlement of the order.